## JAMISON *v*. REID.

In an application to the supreme court for mandamus on the district judge, affidavits were filed to show that certain facts were proved to the court below which were not certified in the bill of exceptions; to these, counter affidavits were filed; held that in a matter thus susceptible of proof, and within the knowledge and sound discretion of the court below, this court will not interfere by mandamus.

*Error to Lee District Court.*

*Opinion by* WILLIAMS, C. J.　This case and three others, viz: Joseph Taylor *v.* Hugh T. Reid, Harlow Barney *v.* same, James Sprott *v.* same, are here upon writ of error. The attorney for plaintiffs in error in the several cases, moves the court as follows, viz:

Jamison *v.* Reid.

" And now comes James Jamison plaintiff in error, by Dixon his attorney, and asks the court for further time to assign errors, and upon return of a certain transcript mentioned in the affidavit, filed in this cause, for an alternative mandamus directed to the Hon. Geo. H. Williams, district judge of Lee county, to correct the bill of exceptions filed in this cause, or show cause upon the affidavit and papers made a part thereof, filed in this cause."

By consent, the decision of the question arising upon the motion in this case, being the same as that in the other three, is to apply to them all.

The gravamen of the motion is laid by the affidavits of G. C. Dixon and Philip Veile, Esq. The first states on oath, that, on the trial in the court below, among other things, the defendant Jamison offered in evidence an alias *fi. fa.* upon a judgment or decree for costs in the partition suit of the half-breed tract, rendered in 1841, against Augustus Gonville, and under a sale, upon which *fi. fa.*, Reid the plaintiff in this suit, claimed title. That defendant, also proved by said Veile, that said Augustus Gonville died in 1844; and that said defendant offered to prove that said Gonville died before the issuing and test of the said alias *fi. fa.*; but that Reid the plaintiff, objected to such evidence, and the objection was sustained by the court, the evidence excluded, and defendant excepted. The affidavit states, that the cause was tried at the November term of Lee county district court, 1849, at the latter part of the term, that for want of time, by agreement of the parties, the bills of exceptions were not drawn up until after the adjournment of the court. That the exceptions were settled by the judge in vacation. That he, affiant, had no opportunity to have said bills of exceptions corrected until the April term of said court."

Philip Viele, judge of probate, states in his affidavit, that he was sworn as a witness in the cause, and stated in evidence, that the records of the probate court showed that Gonville died in March, 1844.

It appears that at the April term of the Lee county dis-

trict court, afterward, application was made to the district judge to correct, or alter the bills of exceptions as to the matters here alleged; and the parties were heard on the motion, and that the court then refused the motion, and the bills were left standing as they were at first drawn.

The defendant in error, Reid, filed his affidavit contradictory to that upon which the motion is based, and affirming the evidence as offered, to be the same as stated in the bill of exceptions, so far as the same related to the time of Gonville's death.

It appears that the attorneys and parties could not agree upon the evidence as offered, and that the proof as to what it had been, was contradictory. It is to be presumed that the judge certified the bill of exceptions, then, truthfully, so far as he could, stating the fact as he understood it to be.

In a matter of this kind, being of fact, transpiring on trial, susceptible of proof in the way pointed out by the statute; or within the peculiar knowledge of the judge below, and submitted to him by the consent of the parties, this court will not interfere by its supervising and correcting power, by mandamus.

This court is not called on to compel the judge to perform a legal and proper act, required of him, but to dictate what shall be done by him in performing that act. We cannot thus be called on, sitting as an appellate supervisory court, to hear and determine the facts, on which the adjudication of this question would depend.

The means of enforcing the signing and sealing of the bill of exceptions, as asked for by the plaintiff in error, and as prescribed by statute were waived.

The practice act, *Rev. Stat.* p. 472, § 19, provides for the taking "exceptions to the opinion of the court *during the progress of the trial, in writing;* which, when thus taken, it is" the duty of the judge to allow and sign and seal. But if the judge refuse to allow, or sign such bill when tendered, then it may be signed by bystanders or attorneys of the court, and if the judge refuse to permit

the bill to become a part of the case, upon affidavit of such refusal, the supreme court may admit such bill of exceptions as a part of the record. The legislature here have provided a legal remedy for the neglect or refusal of the judge, to sign and seal the bill of exceptions, if it be tendered at the proper time. We admit that the practice of deferring the taking of the bill, not having it signed by the judge, until after the trial is concluded, has prevailed in the courts of this state. When this is done, the judge necessarily must trust to his notes or to his memory, for the facts to be certified in the bill of exceptions, should there be a disagreement between the parties or their attorneys, as to the facts. Good grounds are not shown for a mandamus in this case. The statute affords an adequate and ample remedy to the party taking exceptions, when the judge refuses to properly certify the bill of exceptions. *United States* v. *Dubuque Co.*, Morris 31; *Shepherd* v. *Wilson*, 6 How. 260.

The writ of mandamus is only properly exercised in cases of extreme necessity, where there is no adequate means at law to enforce a rightful official duty, and when the party seeking relief has not been in default.

The writ of mandamus refused.

*Geo. C. Dixon*, for plaintiff in error.

*H. T. Reid* and *H. L. Reeves*, for defendant.